# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued December 9, 2014          Decided July 7, 2015

No. 14-1032

CHILDREN'S HOSPITAL AND RESEARCH CENTER OF OAKLAND,
INC.,
DOING BUSINESS AS CHILDREN'S HOSPITAL OF OAKLAND,
PETITIONER

v.

NATIONAL LABOR RELATIONS BOARD,
RESPONDENT

SERVICE EMPLOYEES INTERNATIONAL UNION,
UNITED HEALTHCARE WORKERS – WEST,
INTERVENOR

———

Consolidated with 14-1064

———

On Petition for Review and Cross-Application
for Enforcement of an Order
of the National Labor Relations Board

———

*Matthew J. Frankel* argued the cause for the petitioner.
*Bonnie Glatzer* was with him on brief. *Kenneth J. Nichols*
entered an appearance.

*Joel A. Heller*, Attorney, National Labor Relations Board, argued the cause for the respondent. *Richard F. Griffin*, *Jr.*, General Counsel, *John H. Ferguson*, Associate General Counsel, *Linda Dreeben*, Deputy Associate General Counsel, and *Ruth E. Burdick*, Deputy Assistant General Counsel, were with him on brief.

*David A. Rosenfeld* and *Bruce Harland* were on brief for the intervenor Service Employees International Union, United Healthcare Workers – West in support of the respondent.

Before: HENDERSON, TATEL and GRIFFITH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* HENDERSON.

KAREN LECRAFT HENDERSON, *Circuit Judge*: This case presents an interesting and difficult question of statutory interpretation regarding the interplay of two provisions of the National Labor Relations Act (NLRA or Act), 29 U.S.C. §§ 151 *et seq.* Unfortunately, the National Labor Relations Board (NLRB or Board) does not see it that way. It has not made a serious effort to grapple with the statutory text either in its own order or on review before us. Because "[we] cannot exercise [our] duty of review unless [we] are advised of the considerations underlying [agency] action," *SEC v. Chenery Corp.*, 318 U.S. 80, 94 (1943), we grant the petition for review and deny the Board's cross-petition for enforcement.

**I.**
**A.**

The NLRA has deep roots, dating back to 1935. *See* Act of July 5, 1935, ch. 372, 49 Stat. 449. The Act regulates collective bargaining to lessen "industrial strife" and to ensure that labor disputes do not erect "substantial obstructions to the

free flow of commerce." 29 U.S.C. § 151. Two provisions of the NLRA are at the center of this dispute. The first is section 8(a)(5), which makes it unlawful "for an employer . . . to refuse to bargain collectively with the representatives of his employees." *Id.* § 158(a)(5). The right "to bargain collectively" includes the right to arbitrate labor grievances pursuant to a collective bargaining agreement. *See United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 578 (1960) ("[A]rbitration of labor disputes under collective bargaining agreements is part and parcel of the collective bargaining process itself."); *Fournelle v. NLRB*, 670 F.2d 331, 344 (D.C. Cir. 1982) ("[A]rbitration is an essential part of the collective bargaining process."). Correspondingly, an employer's "refusal to arbitrate" can be an unfair labor practice. *Exxon Chem. Co. v. NLRB*, 386 F.3d 1160, 1165 (D.C. Cir. 2004).

As section 8(a)(5) states, an employer's duty to bargain collectively is "subject to the provisions of section [9(a)] of th[e NLRA]." 29 U.S.C. § 158(a)(5). Section 9(a), in turn, provides that:

> Representatives designated or selected for the purposes of collective bargaining by the majority of the employees in a unit appropriate for such purposes, shall be the *exclusive* representatives of all the employees in such unit for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment. . . .

*Id.* § 159(a) (emphasis added). According to the U.S. Supreme Court, exclusive means exclusive: Once a majority of employees in a bargaining unit chooses a union, section 9(a)

imposes on the employer a "negative duty to treat with no other." *Medo Photo Supply Corp. v. NLRB*, 321 U.S. 678, 684 (1944). This is a consequence of the fact that "[t]he majority-rule concept is today unquestionably at the center of our federal labor policy." *NLRB v. Allis-Chalmers Mfg. Co.*, 388 U.S. 175, 180 (1967). Obligating an employer to bargain only with the majority union prevents "strife and deadlock" by eliminating rival factions that can make demands on the employer. *See Emporium Capwell Co. v. W. Addition Cmty. Org.*, 420 U.S. 50, 68 (1975).

**B.**

The Children's Hospital and Research Center of Oakland (Hospital) is a pediatric hospital that employs more than 2,800 people. Until May 2012, the Service Employees International Union (SEIU) was the bargaining representative for most of the Hospital's service, maintenance and technical employees. In early 2009, the National Union of Healthcare Workers (NUHW) sought to replace SEIU at the Hospital. The NLRB subsequently held an election and a majority of the Hospital's employees selected the NUHW as their bargaining representative. On May 24, 2012, the NUHW was certified as the exclusive bargaining representative for the aforementioned employees.

At the time of the switch in unions, SEIU and the Hospital had three outstanding employee grievances based on incidents that occurred under their prior collective bargaining agreement. A SEIU official asked the Hospital to arbitrate the disputes. The Hospital declined because SEIU no longer represented the employees. The parties reached an impasse and SEIU filed an unfair labor practice charge with the NLRB. The NLRB General Counsel issued a complaint against the

Hospital some months later, charging it with violating sections 8(a)(5) and (1) of the NLRA.[*]

An Administrative Law Judge (ALJ) held that the Hospital violated section 8(a)(5) because an employer has a duty to arbitrate grievances even if the grievances "arose under an expired contract."  Decision & Order (*Order*), 360 N.L.R.B. No. 56, 2014 WL 808029, at *5 (2014).  Arbitrating old grievances, he mused, amounted to nothing more than completing "unfinished business" and "sew[ing] up . . . loose ends" and he cited three cases to this effect.  *Id.* (citing *Nolde Bros. v. Bakery Workers Local 358*, 430 U.S. 243 (1977), *Mo. Portland Cement Co.*, 291 N.L.R.B. 1043 (1988), and *Ariz. Portland Cement Co.*, 302 N.L.R.B. 36 (1991)).  The ALJ thought there was little risk that arbitrating past grievances with SEIU would destabilize the Hospital's new relationship with the NUHW.  *See id.*

The NLRB adopted the ALJ's order in full.   The Hospital timely petitioned this Court for review and the NLRB cross-petitioned for enforcement.

**II.**

The question presented is whether an employer has a duty to arbitrate grievances with the old union under an expired

---

[*]  Section 8(a)(1) provides that it is an "unfair labor practice for an employer to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title."   29 U.S.C. § 158(a)(1).  A violation of section 8(a)(5) automatically violates section 8(a)(1) as well.  *See Exxon Chem. Co.*, 386 F.3d at 1164 ("[A]n employer who violates section 8(a)(5) also, derivatively, violates section 8(a)(1).").  For simplicity's sake, we treat these violations as one and the same and refer only to section 8(a)(5).

collective bargaining agreement *after* a new union has been certified. On the one hand, the Board is correct that section 8(a)(5) requires an employer to arbitrate unfinished business with an old union even after their collective bargaining agreement expires. *See Nolde Bros.*, 430 U.S. at 255 ("Union's claim for severance pay under the expired collective-bargaining agreement is subject to resolution under the arbitration provisions of that contract."); *see also Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190, 205–06 (1991). On the other hand, section 9(a) requires an employer to "treat with no other" union once a new union is certified. *Medo Photo Supply Corp.*, 321 U.S. at 684.

The interplay of section 8(a)(5) and section 9(a) is a question of statutory interpretation—one that the NLRA does not unambiguously resolve. The NLRA does not identify where the duty to resolve unfinished business with the old union ends and the duty to bargain exclusively with the new union begins. This presents a classic scenario for which the two-step framework from *Chevron USA, Inc. v. NRDC*, 467 U.S. 837, 842–43 (1984), was designed. *See Lechmere, Inc. v. NLRB*, 502 U.S. 527, 536 (1992) ("Like other administrative agencies, the NLRB is entitled to judicial deference when it interprets an ambiguous provision of a statute that it administers."). Curiously, however, the Board never cites *Chevron* in its briefs. Worse still, its order discussed only section 8(a) of the Act. None of the precedent it cited dealt with the precise situation here: a decertified union that has been *replaced* by a new union. *See Order*, 2014 WL 808029, at *5. In other words, it relied on cases that did not implicate the exclusivity principle of section 9(a).

The resolution of any statutory ambiguity latent in the NLRA is a task that the Congress, in the first instance, has entrusted to the Board, not this Court. *See Lechmere*, 502

U.S. at 536; *see also NLRB v. Curtin Matheson Scientific, Inc.*, 494 U.S. 775, 786 (1990) ("This Court has emphasized often that the NLRB has the primary responsibility for developing and applying national labor policy."); *Exxel/Atmos, Inc. v. NLRB*, 28 F.3d 1243, 1249 (D.C. Cir. 1994) ("It is up to the Board, not the courts, to make labor policy.").  Granted, we will set aside a Board order if the Board exercises its interpretative authority in a manner that is "manifestly contrary" to the NLRA or otherwise arbitrary and capricious. *Chevron*, 467 U.S. at 844.  But we cannot make that determination yet because we are left wondering how the Board in these circumstances interprets section 9(a).  When an agency fails to wrestle with the relevant statutory provisions, we cannot do its work for it.  "[T]he orderly functioning of the process of review requires that the grounds upon which the administrative agency acted be clearly disclosed and adequately sustained."  *Chenery*, 318 U.S. at 94.

Accordingly, because the Board failed to address the relevant statutory provisions, we grant the Hospital's petition for review, deny the Board's cross-petition for enforcement and remand to the Board for proceedings consistent herewith.

*So ordered*.