# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued November 9, 2015          Decided April 29, 2016

No. 14-1167

HOSPITAL OF BARSTOW, INC., DOING BUSINESS AS BARSTOW
COMMUNITY HOSPITAL,
PETITIONER

v.

NATIONAL LABOR RELATIONS BOARD,
RESPONDENT

———

Consolidated with 14-1195

———

On Petition for Review and Cross-Application
for Enforcement of an Order of
the National Labor Relations Board

———

*Kaitlin Ann Kaseta* argued the cause for petitioner. On
the briefs was *Bryan T. Carmody.*

*Barbara A. Sheehy*, Attorney, National Labor Relations
Board, argued the cause for respondent. With her on the brief
were *Richard F. Griffin*, *Jr.*, General Counsel, *John H.
Ferguson*, Associate General Counsel, *Linda Dreeben*,
Deputy Associate General Counsel, and *Jill A. Griffin*,
Supervisory Attorney.

Before: TATEL, KAVANAUGH and SRINIVASAN, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* SRINIVASAN.

SRINIVASAN, *Circuit Judge*: The National Labor Relations Board ordinarily consists of five members. But when the terms of three Board members expired between August 2010 and January 3, 2012, the seats remained unfilled for a period of time because the Senate did not confirm the President's nominees. On January 4, 2012, the President sought to fill the vacant seats through recess appointments. The Supreme Court, however, held those appointments invalid. *NLRB v. Noel Canning*, 134 S. Ct. 2550 (2014). In August 2013, the Senate confirmed new nominees to the seats. In the intervening period, the Board lacked authority to act because its membership had fallen below the statutorily mandated quorum of three. 29 U.S.C. § 153(b).

Although the Board itself could take no action during the time it had only two validly appointed members, the Board had long delegated its authority to direct representation elections to its Regional Directors. In two recent decisions, our court concluded that Regional Directors, during the period the Board had no quorum, retained their delegated power to direct representation elections in the circumstances of those cases. *UC Health v. NLRB*, 803 F.3d 669 (D.C. Cir. 2015); *SSC Mystic Operating Co. v. NLRB*, 801 F.3d 302 (D.C. Cir. 2015). We held that "we must defer to the Board's reasonable interpretation that the lack of a quorum at the Board does not prevent Regional Directors from continuing to exercise delegated authority that is not final because it is subject to eventual review by the Board." *SSC Mystic*, 801 F.3d at 308.

This case raises a further permutation of the issue we addressed in those cases about the authority of Regional Directors to exercise delegated authority during the time that the Board's membership fell below the statutory quorum. Namely, even if Regional Directors could continue to direct representation elections when their actions were "subject to eventual review by the Board," *id.*, did they also retain authority to direct representation elections when, as in this case, the parties agreed that a Regional Director's actions would be final?

In *UC Health* and *SSC Mystic*, we deferred to the Board's interpretation of the statutory quorum provision in upholding the Regional Director's authority to act in the absence of a Board quorum. Here, by contrast, the Board gave no such interpretation to which we might defer. Rather, the Board, concluding that the challenge to the Regional Director's authority had been waived, did not reach the merits of the issue. We remand to enable the Board to render an interpretation as to whether, under the quorum statute, Regional Directors retained power over representation elections notwithstanding the lapse of a Board quorum in the circumstances presented by this case.

I.

Petitioner Hospital of Barstow is a corporation operating an acute-care hospital in Barstow, California. In early 2012, the California Nurses Association/National Nurses Organizing Committee sought to represent nurses at the Barstow facility. On May 2, 2012, during the time that the Board's membership fell below a quorum, Barstow and the Union entered into a consent election agreement enabling the Regional Director to supervise a secret-ballot election. Under the terms of the agreement, objections to the election were to

be filed with the Regional Director, "whose decision shall be final." J.A. 182.

On May 10, 2012, the nurses voted in favor of the Union, 38 to 19. Barstow lodged two objections to the election, both of which the Regional Director rejected. On June 29, 2012, the Regional Director certified the Union as the nurses' bargaining representative. Barstow and the Union began bargaining, but the process proved unsuccessful, with Barstow eventually declaring impasse. On September 26, 2012, the Union filed an unfair labor practice charge against Barstow. An administrative law judge found that Barstow had committed unfair labor practices (including a refusal to bargain) in violation of the National Labor Relations Act.

On August 29, 2014, the Board affirmed the administrative law judge's findings that Barstow had violated the Act. *Hosp. of Barstow*, 361 N.L.R.B. No. 34 (Aug. 29, 2014), slip op. at 3. The Board also rejected Barstow's contention, raised for the first time in the proceedings before the Board, that the Regional Director lacked delegated authority to certify the Union because the certification issued at a time when the Board was without a statutory quorum. The Board did not address the merits of that argument. Instead, the Board concluded that Barstow had waived the right to challenge the certification by entering into negotiations with the Union. *Id.* at 1 n.5.

Barstow now petitions for review of the Board's decision and order, and the Board cross-applies for enforcement.

## II.

While Barstow challenges certain of the Board's findings that it committed unfair labor practices, Barstow additionally, as a threshold matter, renews its argument that the Regional

Director lacked delegated authority to certify the Union during a time when the Board lacked a quorum. We grant the petition for review, vacate the Board's decision, and remand the case to enable the Board to address the merits of that argument in the first instance. In light of that disposition, we do not reach Barstow's challenges to the Board's findings of unfair labor practices.

A.

The Board submits that Barstow waived its challenge to the Regional Director's exercise of delegated authority. In the Board's view, Barstow, to preserve its ability to contest the Regional Director's authority to certify the Union, should have refused to bargain with the Union and then defended against an ensuing refusal-to-bargain complaint by arguing that the certification was invalid. But Barstow, instead of refusing to bargain with the Union, embarked on the process of bargaining. By doing so, the Board contends, Barstow waived its ability to challenge the Regional Director's authority to certify the Union. We disagree.

Although the Board's waiver theory generally holds force in the context of certification challenges, *see NLRB v. Downtown Bid Servs. Corp.*, 682 F.3d 109, 112 (D.C. Cir. 2012), it is inapplicable in the circumstances of this case. We recently made clear that challenges of the specific sort raised by Barstow are not subject to waiver based on any failure to preserve the argument before the Board. In particular, we explained, "[w]e have consistently held . . . that challenges to the composition of an agency can be raised on review even when they are not raised before the agency." *UC Health*, 803 F.3d at 672-73; *see SSC Mystic*, 801 F.3d at 308.

*UC Health* and *SSC Mystic*, like this case, involved challenges to the Regional Director's exercise of delegated authority to certify the results of a representation election during the time the Board lacked a quorum. To be sure, the particular type of election at issue in those cases (a "stipulated" election) differed from the type of election at issue here (a "consent" election), a matter we explore further below. *See* Part II.B, *infra*. But both in those cases and this one, the "challenge directly involves the question of whether the Board's lack of a quorum stripped the Regional Directors of power." *UC Health*, 803 F.3d at 673. That type of challenge, concerning "the very composition or constitution of an agency," can be raised before us "even if the objecting party failed to make that objection at the appropriate time below." *Id.* (internal quotation marks omitted); *accord SSC Mystic*, 801 F.3d at 308.

Additionally, in declining to find waiver in *UC Health*, we observed that the employer "could not have known with any certainty" at the time of the challenged certification whether the Board was operating without a valid quorum because the Supreme Court had yet to issue its decision in *Noel Canning* finding the President's recess appointments invalid. 803 F.3d at 673. We declined to "hold [the employer] responsible for failing to preserve expressly an argument the substance of which had not yet arisen." *Id.* That rationale has even more force in this case: here, the challenged certification took place *before* the one in *UC Health*—indeed, before even our own court's decision in *Noel Canning* finding the President's recess appointments invalid (a decision later upheld by the Supreme Court, albeit on different grounds).

7

B.

Having found that Barstow's challenge to the Regional Director's exercise of delegated authority is not subject to waiver for failure to preserve the claim before the agency, we turn to the merits of that issue. Our decisions in *UC Health* and *SSC Mystic* form the backdrop for Barstow's challenge.

In those cases, the employer and union entered into a stipulated election agreement under which the Regional Director supervised the election and decided election objections, but subject to "plenary review by the Board of any decision of the Regional Director addressing those objections." *UC Health*, 803 F.3d at 672; *see SSC Mystic*, 801 F.3d at 305. (We note that the rules governing the manner and extent of Board review of stipulated elections have changed since the elections at issue in *UC Health* and *SSC Mystic*. *See* 79 Fed. Reg. 74,307, 74,332-33 (Dec. 15, 2014).) The Board in those cases concluded that Regional Directors retained authority to conduct the elections in question notwithstanding the lapse of a Board quorum. *See UC Health*, 803 F.3d at 672; *SSC Mystic*, 801 F.3d at 308. The Board interpreted the statutory quorum provision, 29 U.S.C. § 153(b), "to permit Regional Directors to continue exercising their delegated authority while the Board lacks a quorum." *UC Health*, 803 F.3d at 673. That provision allows the Board to delegate to Regional Directors the power to direct elections and certify the results, "except that upon the filing of a request therefor with the Board by any interested person, the Board may review any action of a regional director delegated to him." 29 U.S.C. § 153(b).

We found the statute silent on the interpretive issue before us, *see UC Health*, 803 F.3d at 674, and we "defer[red] to the Board's reasonable interpretation that the lack of a

quorum at the Board does not prevent Regional Directors from continuing to exercise delegated authority that is not final because it is subject to eventual review by the Board," *SSC Mystic*, 801 F.3d at 308. "[O]nce a quorum is restored," we noted, the Board could "exercise the power the NLRA preserves for it to review the Regional Director's decisions." *UC Health*, 803 F.3d at 675. We distinguished our prior decision in *Laurel Baye Healthcare of Lake Lanier, Inc. v. NLRB*, 564 F.3d 469 (D.C. Cir. 2009) on the ground that it involved the question "whether plenary, *final* authority delegated to panels of the Board's own members could survive when the Board had no quorum," *UC Health*, 803 F.3d at 678 (emphasis added)—a question to which our answer in *Laurel Baye* was no. The question in *UC Health* and *SSC Mystic*, by contrast, concerned the delegation of "*nonfinal* authority" to Regional Directors "to supervise elections, subject to review and approval by the Board itself." *Id.* (emphasis added). We described the "distinction between [the] forms of delegated authority" as "crucial." *Id.*

This case, as noted, involves a Regional Director's conduct of an election pursuant to a *consent* election agreement, not, as in *UC Health* and *SSC Mystic*, pursuant to a *stipulated* election agreement. In a consent election agreement—unlike a stipulated election agreement of the sort considered in *UC Health* and *SSC Mystic*—the parties agree that the Regional Director's actions in connection with the election will be final and unreviewable by the Board. *See* 29 C.F.R. § 101.28(a). Here, accordingly, the agreement between Barstow and the Union specified that the "rulings and determinations made by the Regional Director will be final, with the same force and effect . . . as if issued by the Board." J.A. 182.

Barstow contends that this case thus involves the delegation to a Regional Director of final Board authority, not nonfinal authority of the kind at issue in *UC Health* and *SSC Mystic*. Consequently, Barstow argues, even if, under *UC Health* and *SSC Mystic*, a Regional Director can exercise *non*final authority when the Board lacks a quorum, the Regional Director in this case could not exercise final authority to certify the election results in the absence of a Board quorum. In Barstow's view, insofar as this case involves the delegation of final Board authority, our decision in *Laurel Baye*—not our decisions in *UC Health* and *SSC Mystic*—is controlling, and forecloses the exercise of that authority by a Regional Director when the Board lacks a statutory quorum.

We decline to resolve that issue in the first instance. In *UC Health* and *SSC Mystic*, we deferred to the Board's interpretation of the statutory quorum provision in the context of a stipulated election subject to Board review. Here, however, the Board has not rendered any interpretation of the statute in the context of a consent election as to which the employer and the union agree that the Regional Director's decisions are final. Instead, the Board deemed the challenge waived and did not reach the merits of the issue. We therefore have no decision of the Board setting out whether it believes that the quorum statute enables a Regional Director to conduct elections under a consent election agreement when there is no Board quorum, let alone any such decision taking into account our decisions in *UC Health* and *SSC Mystic*.

We "are left wondering how the Board in these circumstances interprets" the statute, and when "an agency fails to wrestle with the relevant statutory provisions, we cannot do its work for it." *Children's Hosp. & Research Ctr. of Oakland, Inc. v. NLRB*, 793 F.3d 56, 59 (D.C. Cir. 2015).

Our general practice in these sorts of situations is to remand the proceeding to enable the agency to interpret the statute in the first instance. *See id.*; *Noble Energy, Inc. v. Salazar*, 671 F.3d 1241, 1245-46 (D.C. Cir. 2012); *Oil, Chem. & Atomic Workers Int'l Union, AFL-CIO v. NLRB*, 46 F.3d 82, 93 (D.C. Cir. 1995); *Prill v. NLRB*, 755 F.2d 941, 942 (D.C. Cir. 1985). We follow that course here.

\* \* \* \* \*

For the foregoing reasons, we grant Barstow's petition for review, deny the Board's cross-application for enforcement, and remand to the Board for proceedings consistent with this decision.

*So ordered.*